865 F.2d 262
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles WHITNEY, Plaintiff-Appellant,
v.
Norman CARLSON, Director, BOP, and other unnamed and unknown
persons and all of whom are acting in their individual and
official capacity under color of U.S. Bureau of Prison
Officials, Director of Bureau of Prison, Norman Carlson, al.
Defendant-Appellee.
 No. 88-5040.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Charles Whitney, appeals a judgment of the district court which dismissed his cause of action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He now moves for the appointment of counsel. Upon consideration of the record and the briefs filed by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, an inmate at the Federal Correctional Institution in Leavenworth, Kansas, filed a Bivens action in the District Court for the Western District of Tennessee. As the basis of his claims for both compensatory and punitive damages, he maintained that defendants, all of whom were officials at either that institution or a similar facility in Memphis, Tennessee, had violated a number of his civil rights. Most important for purposes of this appeal, plaintiff alleged that the Tennessee defendants had: 1) placed his personal safety at risk by labelling him as an informant in front of other inmates; 2) conspired to murder him by placing poison in his food; 3) attempted to induce him to escape from imprisonment; and 4) denied him use of a telephone to contact persons who were to testify on his behalf in a court proceeding.
 
 
 3
 Subsequent to the district court's dismissal of those claims which arose in Kansas and concerned only residents of that state, the remaining Tennessee defendants sought the dismissal of plaintiff's claims against them by filing a motion for summary judgment. After receipt of plaintiff's response, the district court concluded that summary judgment was appropriate and therefore dismissed the complaint. Plaintiff thereafter filed this appeal.
 
 
 4
 After careful consideration of the record, this court concludes the district court did not err in granting summary judgment and dismissing plaintiff's complaint. Accordingly, the motion for appointment of counsel is hereby denied and the final judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.